NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0379n.06

No. 22-1061

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 21, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | ON APPEAL FROM THE |
| ) | UNITED STATES DISTRICT |
| v. ) | COURT FOR THE WESTERN |
| ) | DISTRICT OF MICHIGAN |
| JOSE ADOLFO GONZALEZ-BARCENAS, ) | |
| ) | OPINION |
| Defendant-Appellant. ) | |
| ) | |

Before: MOORE, THAPAR, and LARSEN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Jose Gonzalez-Barcenas pleaded no contest to making false statements under oath in his application for naturalization. He subsequently moved to withdraw the plea, and the district court denied the motion. On appeal, Gonzalez-Barcenas argues that (1) the prosecution improperly withheld *Brady* material prior to his plea, thereby committing fraud on the court; (2) the district court improperly denied his motion to withdraw his plea; and (3) the district court improperly revoked his citizenship. We **AFFIRM**.

**I. BACKGROUND**

On October 26, 2015, Jose Gonzalez-Barcenas applied for United States citizenship. R. 42 (Presentence Investigation Report (PSR) ¶ 8) (Page ID #113). On his application, he answered "no" to question 14-E, which asked whether he was "ever involved in any way with . . . [f]orcing, or trying to force, someone to have any kind of sexual contact or relations." *Id.* ¶ 9 (Page ID #114). He also answered "no" to question 22, which asked whether he had "ever committed, assisted in

committing, or attempted to commit, a crime or offense for which [he was] not arrested." *Id.* He certified, under penalty of perjury, that his answers were correct. *Id.* Gonzalez-Barcenas's application for naturalization was approved, and he completed a follow-up form, answering that he had not committed any subsequent crime or offense for which he had not been arrested. *Id.* ¶ 11 (Page ID #114). He became naturalized as a U.S. citizen. *Id.*

In August 2017, Gonzalez-Barcenas's minor stepdaughter told her mother that Gonzalez-Barcenas had sexually abused her when she was between the ages of five and sixteen years old. *Id.* ¶ 12 (Page ID #114). Gonzalez-Barcenas was arrested and charged in Michigan state court with two counts of criminal sexual contact in the second degree. *Id.* ¶ 13 (Page ID #115). He was found guilty after a trial. *Id.*

On March 10, 2021, Gonzalez-Barcenas was indicted in federal court for making false statements under oath in his application for naturalization and failing to correct those false statements, in violation of 18 U.S.C. § 1425(a) and 8 U.S.C. § 1451(f). R. 1 (Indictment) (Page ID #1–2). The indictment charged that Gonzalez-Barcenas made false statements when he stated that he had never committed a crime for which he was not arrested and he had never been involved in forcing or trying to force someone to have sexual contact or relations. *Id.* at 1 (Page ID #1). On October 6, 2021, Gonzalez-Barcenas pleaded no contest to the charges. R. 62 (Tr. at 17) (Page ID #214). On January 18, 2022, the government moved to revoke Gonzalez-Barcenas's citizenship. R. 43 (Mot. To Revoke) (Page ID #126–27).

Gonzalez-Barcenas then moved to withdraw his plea. R. 47 (Mot. to Withdraw) (Page ID #138). The district court denied the motion. R. 55 (Order) (Page ID #179). It sentenced Gonzalez-Barcenas to ten months of incarceration, consecutive to his state-court sentence. R. 57 (J. at 2)

(Page ID #182).  The district court also revoked Gonzalez-Barcenas's citizenship.  R. 56 (Order) (Page ID #180).  Gonzalez-Barcenas timely appealed.  R. 59 (Notice of Appeal) (Page ID #192).

## II.  ANALYSIS

### A.  *Brady* Claim and Fraud on the Court

First, Gonzalez-Barcenas argues that the government improperly failed to disclose impeachment information before he entered his no-contest plea.  Because Gonzalez-Barcenas has limited English proficiency, he sought help on his naturalization form from Rosa Linda Hernandez, a notary who speaks Spanish.  *See* Appellant Br. at 6.  Subsequently, a civil tax case was filed against Hernandez in an unrelated matter.[1]  The government did not share this information with Gonzalez-Barcenas.  Gonzalez-Barcenas argues that the government's failure to disclose this information constituted both a *Brady* violation and a fraud on the court.  Because Gonzalez-Barcenas did not present these arguments to the district court, we review these issues for plain error.  *United States v. Crayton*, 357 F.3d 560, 569 (6th Cir. 2004).

Both the *Brady* claim and the fraud-on-the-court claim are based on Gonzalez-Barcenas's assertion that the government failed to turn over information about the federal investigation of Hernandez.  This investigation, Gonzalez-Barcenas argues, is "critical impeaching evidence." Appellant Br. at 15.

These claims fail.  Even if this information were critical impeachment evidence, and even if the government did suppress it, Gonzalez-Barcenas would not have a viable claim.  "When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other

---

[1]The tax case was filed against "Rosa Linda Meyer, a/k/a Rosa Linda Hernandez."  *See* Appellee Br. at 13. For clarity, this opinion refers to the notary as Hernandez throughout.

accompanying constitutional guarantees." *United States v. Ruiz*, 536 U.S. 622, 628–29 (2002). Thus, "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *Id.* at 633.[2] Gonzalez-Barcenas presents a weaker argument than the one in *Ruiz* because Gonzalez-Barcenas pleaded without entering into any agreement with the government. R. 63 (Tr. at 16) (Page ID #238). Thus, even assuming that Gonzalez-Barcenas's factual assertions are true, the government did not commit any *Brady* violation because it did not need to disclose any impeachment evidence before Gonzalez-Barcenas pleaded no contest. There was similarly no fraud on the court because the government had no "duty to disclose" this information. *Workman v. Bell*, 227 F.3d 331, 337 (6th Cir. 2000) (en banc) (per curiam) (order); *accord Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). These claims lack merit.

## B. Motion to Withdraw Plea

Next, Gonzalez-Barcenas argues that the district court improperly denied his motion to withdraw his no-contest plea. We review this decision for an abuse of discretion. *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006).

Defendants do not have the "absolute right to withdraw" their plea, and it is their burden to show that they are entitled to withdraw their plea. *Id.* A defendant may withdraw their plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." *Id.* (alteration in original) (quoting Fed. R. Crim. P. 11(d)(2)(B)). In determining whether a defendant has met their burden, we weigh seven

---

[2]*Ruiz* addresses only prosecutors' obligations to disclose *impeachment* evidence, not *exculpatory* evidence. *See Robertson v. Lucas*, 753 F.3d 606, 621–22 (6th Cir. 2014) ("We have not yet had occasion to determine whether *Ruiz* applies to exculpatory *Brady* material, a question that has caused some disagreement among our sister circuits.").

factors: (1) "the amount of time that elapsed between the plea and the motion to withdraw it"; (2) "the presence (or absence) of a valid reason" for failing to move earlier to withdraw the plea; (3) "whether the defendant has asserted or maintained [their] innocence"; (4) "the circumstances underlying the entry of the guilty plea"; (5) "the defendant's nature and background"; (6) the extent of the defendant's "prior experience with the criminal justice system"; and (7) "potential prejudice to the government if the motion to withdraw is granted." *Id.* at 281 (citations omitted).

The district court addressed all but one of these seven factors. R. 63 (Tr. at 10–15) (Page ID #233–37). First, it found that Gonzalez-Barcenas waited "over a hundred days" before moving to withdraw the plea, which was "way too long." *Id.* at 11 (Page ID #233). The district court was "not convinced that there was a valid reason" that Gonzalez-Barcenas waited before moving to withdraw the plea. *Id.* at 12 (Page ID #234). For the third factor (whether Gonzalez-Barcenas maintained his innocence), the district court noted that, in the prior state case, the jury found Gonzalez-Barcenas guilty of criminal sexual conduct, and that there was no evidence that there was a plea agreement in this federal case. *Id.* at 12–13 (Page ID #234–35). In discussing the fourth factor of the circumstances underlying the plea, the district court observed there had been "extensive back and forth between the defendant and the government as well as the Court as it relates to the nolo plea and as it related to the underlying circumstances." *Id.* at 14 (Page ID #236). For the fifth and sixth factors, which focused on Gonzalez-Barcenas's background and prior experience with the criminal system, the district court noted that "[a]lthough [Gonzalez-Barcenas] doesn't speak English, he certainly has enough of a background and understanding" such that the plea was voluntary and knowing. *Id.* at 15 (Page ID #237). The district court did not weigh the seventh factor. *Id.*

The district court's seven-factor analysis was not an abuse of discretion. Gonzalez-Barcenas concedes that the first two factors cut against him. *See* Appellant Br. at 23; *see also United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (stating that an "unjustified 75-day delay, alone, supported the court's denial of a motion to withdraw"). With regard the third factor, Gonzalez-Barcenas points to the fact that he pleaded no contest, rather than guilty. Appellant Br. at 24. A no-contest plea, however, is not the same as maintaining his innocence, and the district court considered that Gonzalez-Barcenas pleaded no contest. Finally, Gonzalez-Barcenas suggests that factors five and six weigh in his favor because he is a Cuban immigrant and has been convicted of only one felony and one misdemeanor. Appellant Br. at 24–25. The district court, however, properly considered these factors and weighed them accordingly. On the whole, the district court did not abuse its discretion.

## C. Revocation of Citizenship

Finally, Gonzalez-Barcenas argues that that the district court improperly revoked his citizenship. He bases his argument entirely on his *Brady* and fraud-on-the-court claims and his claim that the district court should have granted the motion to withdraw his no-contest plea. Because those predicate arguments do not succeed, neither does this one.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM**.